**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| ALDERIAN TECHNOLOGIES LLC, | ) ) | Case No. 2:26-cv-00 |
| Plaintiff, | ) ) ) | **JURY TRIAL DEMANDED** |
| v. | ) ) | |
| TCL TECHNOLOGY GROUP CORP., TCL ELECTRONICS HOLDINGS LIMITED, TCL COMMUNICATION TECHNOLOGY HOLDINGS LIMITED, TCL COMMUNICATION LIMITED, TCT MOBILE INTERNATIONAL LIMITED, HUIZHOU TCL MOBILE COMMUNICATION COMPANY LIMITED, and TCL MOBILE COMMUNICATION (HK) COMPANY LIMITED, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Alpha Touch Group LLC ("Alpha Touch" or "Plaintiff") for its Complaint for

patent infringement against Defendants TCL Technology Group Corp. ("TCL Technology"), TCL

Electronics Holdings Limited ("TCL Electronics"), TCL Communication Technology Holdings

Limited ("TCL Communication"), TCL Communication Limited ("TCLC"), TCT Mobile

International Limited ("TCT"), Huizhou TCL Mobile Communication Company Limited

("Huizhou TCL Mobile"), TCL Mobile Communication (HK) Company Limited ("TCL Mobile

(HK)") (collectively "TCL" or "Defendants") alleges as follows:

**THE PARTIES**

1. Alpha Touch is a limited liability company, organized and existing under the laws of the State of Texas, with its principal place of business located at 104 East Houston Street, Marshall, TX 75670.

2. On information and belief, Defendant TCL Technology is a corporation organized and existing under the laws of China, with its principal place of business located at TCL Keji Daxia, No.17, Huifeng 3rd Road, Zhongkai High-Tech Zone Huizhou, Guangdong, 516000 China. Defendant TCL Technology is a leading manufacturer and seller of smartphones and tablets in the world and in the United States. On information and belief, Defendant TCL Technology owns the trademark "TCL" which is marked on the Accused Products (as defined in ¶ 22).[1] On information and belief, Defendant TCL Technology does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

3. On information and belief, Defendant TCL Electronics is a corporation organized and existing under the laws of the Cayman Islands, with its principal place of business located at 5th Floor, Building 22E, 22 Science Park East Avenue, Hong Kong Science Park, Shatin, New Territories, Hong Kong, S.A.R., China, and may be served pursuant to the provisions of the Hague Convention. On information and belief, TCL Electronics is an indirect wholly-owned subsidiary of TCL Technology. TCL Electronics is involved in the manufacture and sale of TVs, smartphones, smart connective devices and services, smart commercial display and smart home products and provision of Internet platform operating services.[2] On information and belief, TCL Electronics does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

---

[1] *See* https://www.tcl.com/usca/content/dam/tcl/product/mobile/tcl-10-5g-uw/downloads/VZW%20TCL-T790S%20UM_20201020_FINAL.pdf.

[2] TCL Electronics Holdings Limited Annual Report 2024, at 144, https://doc.irasia.com/listco/hk/tclelectronics/annual/2024/ar2024.pdf.

4.       On information and belief, Defendant TCL Communication is a corporation organized and existing under the laws of the People's Republic of China, with its principal place of business located at   10F, TCL Communication Technology Building, Block F4, TCL International E City, Zhong Shan Yuan Road, Nanshan District, Shenzhen, Guangdong, 518052, China, and may be served pursuant to the provisions of the Hague Convention.  On information and belief, TCL Communication is a wholly-owned subsidiary of TCL Electronics,[3] which is an indirectly wholly-owned subsidiary of TCL Technology.  Together with its subsidiaries, TCL Communication manufactures and sells smartphones. On information and belief, TCL Communication does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

5.       On information and belief, Defendant TCLC is a corporation organized and existing under the laws of the People's Republic of China, having an address of  10F, TCL Communication Technology Building, Block F4, TCL International E City, Zhong Shan Yuan Road, Nanshan District, Shenzhen, Guangdong, 518052, China, and may be served pursuant to the provisions of the Hague Convention. TCLC is involved in the manufacture and sale of smartphones. On information and belief, TCLC does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

6.       On information and belief, Defendant TCT is a corporation organized and existing under the laws of the Hong Kong Special Administrative Region of the People's Republic of China, with a principal place of business located at 5/F, Building 22E, Hong Kong Science Park, 22 Science Park East Avenue, Sha Tin, Hong Kong, S.A.R., China, and may be served pursuant

---

[3] *Id.* at 147.

to the provisions of the Hague Convention. TCT is a leading manufacturer and seller of smartphones and tablets in the world and in the United States. On information and belief, TCT is a wholly-owned subsidiary of TCL Electronics.[4]  On information and belief, TCT does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

7.      On information and belief, Defendant Huizhou TCL Mobile is a corporation organized and existing under the laws of the People's Republic of China, with a principal place of business located at No. 3, Donghe South Road, Dongxin Area, Dongjiang Hi-tech Industrial Park, Zhongkai Hi-tech Zone, Huizhou City, Guangdong, China, and may be served pursuant to the provisions of the Hague Convention. On information and belief, Huizhou TCL Mobile is a wholly-owned subsidiary of TCL Electronics[5] and is involved in the manufacture and sale of smartphones and tablets. On information and belief, Huizhou TCL Mobile does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

8.      On information and belief, Defendant TCL Mobile (HK) is a corporation organized and existing under the laws of the  People's Republic of China with a principal place of business located at 5/F, Building 22E, Hong Kong Science Park, 22 Science Park East Avenue, Sha Tin, Hong Kong ,S.A.R., China, and may be served pursuant to the provisions of the Hague Convention. On information and belief, TCL Mobile (HK) is an indirect wholly-owned subsidiary of TCL Electronics[6] involved in the manufacture and sale of smartphones. On information and belief, TCL Mobile (HK) does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

---

[4] *Id.*
[5] *Id.*
[6] *Id.*

9.      On information and belief, the Defendants are part of an interrelated group of companies that work in consort with one another and collectively comprise one of the world's largest manufacturers of smartphones and tablets, and one of the leading sellers of smartphones and tablets smartphones in the United States, including the TCL and Alcatel brands. TCL, which refers to the company and its subsidiaries as the "Group," describes itself as one of the "world's leading consumer electronics company" and states that the Group is "mainly involved in the manufacture and sale of television ('TV') sets, smart mobile, smart connective devices and services, smart commercial display and smart home products and provision of Internet platform operating services."[7]

10.      Defendants named above and their affiliates operate as a unitary business venture and are both jointly and severally liable for the acts of patent infringement alleged herein.

## JURISDICTION AND VENUE

11.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.      This Court has personal jurisdiction over Defendants. Defendants regularly conduct business and have committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or have contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.  Defendants, directly and/or through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, making, using, importing, offering to sell, and/or selling products that infringe the Patents-in-Suit.  Courts in Texas, including within

---

[7] *Id.* at 5, 141.

this Judicial District, have concluded that Defendants, including TCL Technology, are subject to personal jurisdiction in the State of Texas and within this Judicial District. *See, e.g.*, *Canon, Inc. v. TCL Elecs. Holdings Ltd.*, No. 2:18-CV-00546-JRG, 2020 WL 1478356, at *3 (E.D. Tex. Mar. 25, 2020) ("The Court therefore concludes that exercising personal jurisdiction over [TCL Technology] is reasonable and fair. Since the Court has also concluded that [TCL Technology] purposefully directed the Accused Products to this forum, and the alleged infringement arises out of and/or relates thereto, the Court finds that it may exercise personal jurisdiction over [TCL Technology] under specific jurisdiction."); *Semcon IP Inc. v. TCT Mobile Int'l Ltd.*, No. 2:18-CV-00194-JRG, 2019 WL 2774362, at *1 (E.D. Tex. July 2, 2019) (denying TCT Mobile International Limited's motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2)).

13.    Defendants, including TCL Technology, induce their subsidiaries, affiliates, retail partners, and customers to make, use, sell, offer for sale, and/or important throughout the United States, including within this Judicial District, infringing products and placing such products into the stream of commerce via established distribution channels knowing or understanding that such products would be sold and used in the United States, including in the Eastern District of Texas. Paragraphs 2 through 11 are incorporated by reference as if fully set forth herein.  Defendants, including TCL Technology, purposefully direct the infringing products identified herein into established distribution channels within this District and the U.S. nationally. For example, Defendants sell and offer to sell the infringing products through its website, https://www.tcl.com/us/en, which may be accessed throughout the United States, the State of Texas, and this Judicial District. Additionally, Defendants have authorized sellers and sales representatives that offer for sale and sell the infringing products throughout the State of Texas and to consumers throughout this District, including at the following locations in this District: Best

Buy, 422 West Loop 281, Suite 100, Longview, Texas 75605; Costco Wholesale, 3650 West University Drive, McKinney, Texas 75071; Office Depot, 422 West Loop 281, Suite 300, Longview, Texas 75605; Target, 3092 North Eastman Road, Suite 100, Longview, Texas 75605; Wal-Mart, 1701 East End Boulevard North, Marshall, Texas 75670; Verizon, 500 E Loop 281, Longview, Texas 75670; AT&T, 1712 E Grand Ave, Marshall, Texas 75670; and T-Mobile, 1806 E. End Blvd., N. Ste 100, Marshall, Texas 75670.

14.     In addition, or in the alternative, this Court has personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 4(k)(2).

15.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Defendants are not residents in the United States and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

16.     Defendants are subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to their substantial business in this State and Judicial District, including (a) at least part of their past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

### PATENT-IN-SUIT

17.     On May 5, 2020, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 10,645,387 (the "'387 Patent") entitled "Predictive Quantization Coding Method and Video Compression System." A true and correct copy of the '387 Patent is available at: https://patentimages.storage.googleapis.com/0a/76/4b/4790b52e40849e/US10645387.pdf.

18.     On June 16, 2015, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,060,172 (the "'172 Patent") entitled "Methods and Systems for Mixed

Spatial Resolution Video Compression." A true and correct copy of the '172 Patent is available at:

https://patentimages.storage.googleapis.com/36/db/91/8b9678905bdceb/US9060172.pdf.

19.     Alderian is the sole and exclusive owner of all right, title, and interest in the'387

Patent and the '172 Patent (collectively, the "Patents-in-Suit" or "Asserted Patents") and holds the

exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including

the filing of this patent infringement lawsuit. Alderian also has the right to recover all damages for

past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as

appropriate under the law.

20.     Alderian has at all times complied with the marking provisions of 35 U.S.C. § 287

with respect to the Patents-in-Suit. On information and belief, prior assignees and licensees have

also complied with the marking provisions of 35 U.S.C. § 287. Alternatively, upon information

and belief, no patented articles have ever been produced requiring marking.

**FACTUAL ALLEGATIONS**

21.     The '387 Patent generally relates to systems and methods for predictive

quantization coding and video compression. The technology described in the '387 Patent was

developed by Quingdong Yue, Wenfang Ran, and Wen Li. For example, the technology of the

'387 Patent is implemented today by products that contain SoCs, chipsets, and/or software, which

utilize hardware and software encoders that perform predictive quantization coding and block-

based depth map coding, including, but not limited to, TCL 20 XE, TCL 30 XE 5G, TCL 30 Z,

TCL 30 LE, TCL 30 XL, TCL 30 SE, TCL ION X, TCL ION V, TCL 40 XE 5G, TCL 40 X 5G,

TCL 40 XL, TCL 50 LE, TCL 50 XE 5G, TCL 50 XE NXTPAPER 5G, TCL 50 XL 5G, TCL 50

XL NXTPAPER 5G, TCL 60 XE NXTPAPER 5G, TCL K33 5G, TCL NXTPAPER 70 Pro, TCL

Tab 10s, TCL Tab 8, TCL Tab 10 5G, TCL Tab 10s 5G, TCL NXTPAPER 12 Pro, TCL Tab 8

LE, TCL Tab 8 SE, TCL Tab 10 Gen 2, TCL Tab 10 NXTPAPER 5G, TCL Tab 8 Gen 2, TCL Tab 8 NXTPAPER 5G, TCL Tab 10 Gen4, TCL NXTPAPER 11 Gen 2, TCL NXTPAPER 11 Plus, TCL NXTPAPER 14, TCL Note A1 NXTPAPER, among other TCL products.

22. The '172 Patent generally relates to systems and methods for encoding a frame of visual data. The technology of the '172 Patent was developed by Walter Paul, Arkady Kopansky, and Hui Cheng. For example, the technology of the '172 Patent is implemented today by products that contain SoCs, chipsets, and/or software, which utilize hardware and software encoders and decoders that perform mixed spatial resolution video compression, including, but not limited to, TCL 20 XE, TCL 30 XE 5G, TCL 30 Z, TCL 30 LE, TCL 30 XL, TCL 30 SE, TCL ION X, TCL ION V, TCL 40 XE 5G, TCL 40 X 5G, TCL 40 XL, TCL 50 LE, TCL 50 XE 5G, TCL 50 XE NXTPAPER 5G, TCL 50 XL 5G, TCL 50 XL NXTPAPER 5G, TCL 60 XE NXTPAPER 5G, TCL K33 5G, TCL NXTPAPER 70 Pro, TCL Tab 10s, TCL Tab 8, TCL Tab 10 5G, TCL Tab 10s 5G, TCL NXTPAPER 12 Pro, TCL Tab 8 LE, TCL Tab 8 SE, TCL Tab 10 Gen 2, TCL Tab 10 NXTPAPER 5G, TCL Tab 8 Gen 2, TCL Tab 8 NXTPAPER 5G, TCL Tab 10 Gen4, TCL NXTPAPER 11 Gen 2, TCL NXTPAPER 11 Plus, TCL NXTPAPER 14, TCL Note A1 NXTPAPER, among other TCL products (collectively with the products identified in ¶ 21, the "Accused Products").

23. TCL has infringed and is continuing to infringe the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or importing, products including, but not limited, infringing computers.

## <u>COUNT I</u>
### (Infringement of the '387 Patent)

24. Paragraphs 1 through 23 are incorporated by reference as if fully set forth herein.

25. Alderian has not licensed or otherwise authorized Defendants to make, use, offer

for sale, sell, or import any products that embody the inventions of the '387 Patent.

26.     Defendants have and continue to directly infringe the '387 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '387 Patent. Such infringing products include TCL smartphones and tablets that contain SoCs, chipsets, and/or software, which utilize hardware and software encoders that perform predictive quantization coding and block-based depth map coding, including, but not limited to, the TCL NXTPAPER 70 Pro equipped with the MediaTek Dimensity 7300 SoC, as well as other hardware and software encoders, among other TCL products.

27.     For example, Defendants have and continue to directly infringe at least claim 1 of the '387 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include the TCL NXTPAPER 70, among other TCL products. The TCL NXTPAPER 70 Pro is exemplary and representative of how the accused infringing products infringe the '387 Patent.

28.     For example, the TCL NXTPAPER 70 Pro performs a quantization coding method, comprising the steps of: (a) dividing a pixel to be processed into a plurality of pixel components, wherein pixels of an image are sequentially taken as the pixel to be processed; (b) obtaining one pixel component to be processed from the plurality of pixel components; (c) obtaining texture direction gradients of the pixel component to be processed; (d) obtaining reference pixels according to the texture direction gradients and positional relationships between the pixel component to be processed and A remaining of the plurality of pixel components; (e) obtaining a prediction residual of the pixel component to be processed according to the reference pixels; (f) repeating steps (b) to (e), and taking each pixel component of the plurality of pixel components

and obtaining the prediction residual corresponding thereto, and forming a prediction residual code stream including the prediction residuals of the pixel to be processed of the image; (g) dividing the prediction residual code stream into a plurality of quantization units each including a predetermined number of prediction residuals divided from the prediction residual code stream; and (h) obtaining first rate distortion optimizations and second rate distortion optimizations corresponding to the plurality of quantization units to obtain a quantization residual code stream (e.g., HEVC and/or other codecs use an inter-/intra-picture prediction with an algorithm that process blocks of data in a region according to neighboring regions/pixels to predict the value of the current pixel).

29.     On information and belief, at least MediaTek's codec components and related software codecs come preinstalled on devices with MediaTek SoCs.

30.     For example, the Accused Products include MediaTek codecs for video encoding and compression.

android / kernel / common / 613725436e69f / . / drivers / media / platform / mtk-vcodec

```
tree: 98d58b1c729b95bd3e99543ec80be2361727e3f6

vdec/
venc/
Makefile
mtk_vcodec_dec.c
mtk_vcodec_dec.h
mtk_vcodec_dec_drv.c
mtk_vcodec_dec_pm.c
mtk_vcodec_dec_pm.h
mtk_vcodec_drv.h
mtk_vcodec_enc.c
mtk_vcodec_enc.h
mtk_vcodec_enc_drv.c
mtk_vcodec_enc_pm.c
mtk_vcodec_enc_pm.h
mtk_vcodec_fw.c
mtk_vcodec_fw.h
mtk_vcodec_fw_priv.h
mtk_vcodec_fw_scp.c
mtk_vcodec_fw_vpu.c
mtk_vcodec_intr.c
mtk_vcodec_intr.h
mtk_vcodec_util.c
mtk_vcodec_util.h
vdec_drv_base.h
vdec_drv_if.c
vdec_drv_if.h
vdec_ipi_msg.h
vdec_vpu_if.c
vdec_vpu_if.h
venc_drv_base.h
venc_drv_if.c
venc_drv_if.h
venc_ipi_msg.h
venc_vpu_if.c
venc_vpu_if.h
```

8

```
/**
 * @par Enumeration
 *    VENC_DRV_VIDEO_FORMAT_T
 * @par Description
 *    This is the item used for encode video format
 */
typedef enum __VENC_DRV_VIDEO_FORMAT_T {
        VENC_DRV_VIDEO_FORMAT_NONE,                 /* /< Default value (not used) */
        VENC_DRV_VIDEO_FORMAT_MPEG4,                /* /< MPEG4 video format */
        VENC_DRV_VIDEO_FORMAT_MPEG4_1080P,          /* /< MPEG4 video format for 1080p */
        VENC_DRV_VIDEO_FORMAT_MPEG4_SHORT,          /* /< MPEG4_SHORT (H.263 baseline profile) video format */
        VENC_DRV_VIDEO_FORMAT_H263,                 /* /< H.263 video format */
        VENC_DRV_VIDEO_FORMAT_H264,                 /* /< H.264 video format */
        VENC_DRV_VIDEO_FORMAT_H264_VGA,             /* /< H.264 video format for VGA */
        VENC_DRV_VIDEO_FORMAT_WMV9,                 /* /< WMV9 video format */
        VENC_DRV_VIDEO_FORMAT_VC1,                  /* /< VC1 video format */
        VENC_DRV_VIDEO_FORMAT_VP8,                  /* /< VP8 video format */
        VENC_DRV_VIDEO_FORMAT_JPEG,                 /* /< JPEG picture format */
        VENC_DRV_VIDEO_FORMAT_HEVC,                 /* /< HEVC video format */
        VENC_DRV_VIDEO_FORMAT_H264SEC,              /* /<: Secure H.264 */
        VENC_DRV_VIDEO_FORMAT_MAX = 0xFFFFFFFF      /* /< Max VENC_DRV_VIDEO_FORMAT_T value */
} VENC_DRV_VIDEO_FORMAT_T;
```

9

---

8

https://android.googlesource.com/kernel/common/+/613725436e69f/drivers/media/platform/mtk-vcodec (last accessed on or about May 1, 2026).

9 *See, e.g.,* https://android.googlesource.com/kernel/mediatek/%2B/android-mtk-3.18/drivers/misc/mediatek/videocodec/include/venc_drv_if_public.h, at lines 59-80 (last accessed on or about May 1, 2026).

31.    For example, such as in operation with HEVC and other codecs, MediaTek SoCs can code units in an intra prediction mode.

> **8.4.4.2    Intra sample prediction**
>
> **8.4.4.2.1    General intra sample prediction**
>
> Inputs to this process are:
>
> – a sample location ( xTbCmp, yTbCmp ) specifying the top-left sample of the current transform block relative to the top-left sample of the current picture,
>
> – a variable predModeIntra specifying the intra prediction mode,
>
> – a variable nTbS specifying the transform block size,
>
> – a variable cIdx specifying the colour component of the current block.
>
> Outputs of this process are the predicted samples predSamples[ x ][ y ], with x, y = 0..nTbS − 1. [10]

32.    By way of further example, H.265 V11 can recognize supplemental encoder-optimization information that can include quantization-related information.

> **D.4.5    Use of the encoder optimization information SEI messages**
>
> For purposes of interpretation of the encoder optimization information SEI message, the following variables are derived separately for each picture to which the encoder optimization information SEI message applies as follows:
>
> – CroppedWidth    is    set    equal    to    pic_width_in_luma_samples − SubWidthC * ( conf_win_left_offset + conf_win_right_offset ).
>
> – CroppedHeight    is    set    equal    to    pic_height_in_luma_samples − SubHeightC * ( conf_win_top_offset + conf_win_bottom_offset ).
>
> – PicQuant is set equal to 26 + init_qp_minus26 + slice_qp_delta of the first slice segment of the picture.
>
> When    eoi_pic_quant_object_flag    is    equal    to    1    and    eoi_quant_threshold_delta    is    greater    than    0, ( PicQuant + eoi_quant_threshold_delta ) shall be less than or equal to 51. When eoi_pic_quant_object_flag is equal to 0 and eoi_quant_threshold_delta is greater than 0, ( PicQuant − eoi_quant_threshold_delta ) shall be greater than or equal to −QpBdOffset. [11]

33.    On information and belief, Defendants' direct infringement of the '387 Patent includes, but is not limited to, testing, development, troubleshooting, and other use in the United States. Defendants also use the Accused Products at tradeshows in the United States to promote

---

[10] *See* Int'l Telecomm. Union, Recommendation ITU-T H.265, *High Efficiency Video Coding* § 8.4, at 135 (Version 8, Aug. 2021), available at: https://e2e.ti.com/cfs-file/__key/communityserver-discussions-components-files/791/T_2D00_REC_2D00_H.265_2D00_202108_2D00_S_21002100_PDF_2D00_E.pdf; *see also Id.* at 126-142.

[11] *See* Int'l Telecomm. Union, Recommendation ITU-T H.265, *High Efficiency Video Coding*, at 424 (Version 11, Jan. 2026), available at: https://www.itu.int/rec/T-REC-H.265-202601-I.

the sale of the Accused Products, as demonstrated above.

34.     Defendants have and continue to indirectly infringe one or more claims of the '387 Patent by knowingly and intentionally inducing others, including Lenovo customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology.

35.     Defendants, with knowledge that these products, or the use thereof, infringe the '387 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '387 Patent by providing these products to end users for use in an infringing manner. Alternatively, on information and belief, Defendants have adopted a policy of not reviewing the patents of others, and instructing their officers, agents, and employees to not review the patents of others, including specifically those related to Defendants' specific industry, with the subject belief that there was a high probability that Defendants would learn of their infringing activities, thereby remaining willfully blind to the '387 Patent at least as early as the issuance of the '387 Patent.

36.     Defendants have induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '387 Patent, but while remaining willfully blind to the infringement. Defendants have and continue to induce infringement by their customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendants' website, product literature and packaging, and other publications. For example, TCL makes available to its customers and end-users various materials that instruct them on how to use TCL products in an infringing manner based on the product. These include, but are

14

not limited to, Common Questions, Product Downloads (e.g., Quick Start Guides and User Manuals), and Repairs/Replacements.



37.     On information and belief, these instructional materials are prepared by Defendants or at the direction of Defendants. Because of Defendants' inducement, Defendants' customers and end-users use the Accused Products in a way Defendants intend and directly infringe the '387 Patent. Defendants perform these affirmative acts with knowledge of the '387 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '387 Patent.

38.     Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the '387 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Defendants' affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products such that the '387 Patent is directly infringed by others. The accused components within the Accused

---

[12] *See* https://support.tcl.com/us-mobile-devices.

15

Products are material to the invention of the '387 Patent, including at least video encoders, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendants to be especially made or adapted for use in the infringement of the '387 Patent. Defendants perform these affirmative acts with knowledge of the '387 Patent and with intent, or willful blindness, that they cause the direct infringement of the '387 Patent.

39.    Alderian has suffered damages as a result of Defendants' direct and indirect infringement of the '387 Patent in an amount to be proven at trial.

40.    Alderian has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '387 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## COUNT II
### (Infringement of the '172 Patent)

41.    Paragraphs 1 through 23 are incorporated by reference as if fully set forth herein.

42.    Alderian has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '172 Patent.

43.    Defendants have and continue to directly infringe the '172 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '172 Patent. Such infringing products include TCL smartphones and tablets that SoCs, chipsets, and/or software, which utilize hardware and software encoders and decoders that perform predictive quantization coding, including, but not limited to, the TCL NXTPAPER 70 Pro equipped with the MediaTek Dimensity 7300 SoC, as well as other hardware and software encoders and decoders, among other TCL products.

44.    For example, Defendants have and continue to directly infringe at least claim 1 of

16

the '172 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include the TCL NXTPAPER 70 Pro, among other TCL products. The TCL NXTPAPER 70 Pro is exemplary and representative of how the accused infringing products infringe the '172 Patent.

45.     For example, the TCL NXTPAPER 70 Pro performs a computer implemented method of video compression, the method comprising the steps of: generating a reconstructed full resolution frame and coded data corresponding to the reconstructed full resolution frame from an original full resolution frame; generating an upsampled reconstructed reduced spatial resolution frame and coded data corresponding to the upsampled reconstructed reduced spatial resolution frame from the original full resolution frame; determining a first deviation by comparing at least one characteristic in the reconstructed full resolution frame with said at least one characteristic in the original full resolution frame; determining a second deviation by comparing said at least one characteristic in the upsampled reconstructed reduced spatial reduced resolution frame with said at least one characteristic in the original full resolution frame; and outputting the coded data corresponding to the reconstructed full resolution frame when the first deviation is less than the second deviation; otherwise outputting the coded data corresponding to the upsampled reconstructed reduced spatial reduced resolution frame.

46.     On information and belief, at least MediaTek's codec components and related software codecs come preinstalled on devices with MediaTek SoCs.

47.     For example, the Accused Products include MediaTek codecs for video encoding and compression.



```
59   /**
60    * @par Enumeration
61    *    VENC_DRV_VIDEO_FORMAT_T
62    * @par Description
63    *    This is the item used for encode video format
64    */
65   typedef enum __VENC_DRV_VIDEO_FORMAT_T {
66           VENC_DRV_VIDEO_FORMAT_NONE,                  /* /< Default value (not used) */
67           VENC_DRV_VIDEO_FORMAT_MPEG4,                 /* /< MPEG4 video format */
68           VENC_DRV_VIDEO_FORMAT_MPEG4_1080P,           /* /< MPEG4 video format for 1080p */
69           VENC_DRV_VIDEO_FORMAT_MPEG4_SHORT,           /* /< MPEG4_SHORT (H.263 baseline profile) video format */
70           VENC_DRV_VIDEO_FORMAT_H263,                  /* /< H.263 video format */
71           VENC_DRV_VIDEO_FORMAT_H264,                  /* /< H.264 video format */
72           VENC_DRV_VIDEO_FORMAT_H264_VGA,              /* /< H.264 video format for VGA */
73           VENC_DRV_VIDEO_FORMAT_WMV9,                  /* /< WMV9 video format */
74           VENC_DRV_VIDEO_FORMAT_VC1,                   /* /< VC1 video format */
75           VENC_DRV_VIDEO_FORMAT_VP8,                   /* /< VP8 video format */
76           VENC_DRV_VIDEO_FORMAT_JPEG,                  /* /< JPEG picture format */
77           VENC_DRV_VIDEO_FORMAT_HEVC,                  /* /< HEVC video format */
78           VENC_DRV_VIDEO_FORMAT_H264SEC,               /* /<: Secure H.264 */
79           VENC_DRV_VIDEO_FORMAT_MAX = 0xFFFFFFFF       /* /< Max VENC_DRV_VIDEO_FORMAT_T value */
80   } VENC_DRV_VIDEO_FORMAT_T;
```

14

48.     For example, such as in operation with HEVC and other codecs, MediaTek SoCs

---

13

https://android.googlesource.com/kernel/common/+/613725436e69f/drivers/media/platform/mtk-vcodec (last accessed on or about May 1, 2026).

[14] *See, e.g.*, https://android.googlesource.com/kernel/mediatek/%2B/android-mtk-3.18/drivers/misc/mediatek/videocodec/include/venc_drv_if_public.h, at lines 59-80 (last accessed on or about May 1, 2026).

can code units in an intra prediction mode.[15] By way of further example, H.265 V11 can recognize

supplemental encoder-optimization information that can include quantization-related information.

> **D.4.5    Use of the encoder optimization information SEI messages**
>
> For purposes of interpretation of the encoder optimization information SEI message, the following variables are derived separately for each picture to which the encoder optimization information SEI message applies as follows:
>
> – CroppedWidth is set equal to pic_width_in_luma_samples − SubWidthC * ( conf_win_left_offset + conf_win_right_offset ).
>
> – CroppedHeight is set equal to pic_height_in_luma_samples − SubHeightC * ( conf_win_top_offset + conf_win_bottom_offset ).
>
> – PicQuant is set equal to 26 + init_qp_minus26 + slice_qp_delta of the first slice segment of the picture.
>
> When eoi_pic_quant_object_flag is equal to 1 and eoi_quant_threshold_delta is greater than 0, ( PicQuant + eoi_quant_threshold_delta ) shall be less than or equal to 51. When eoi_pic_quant_object_flag is equal to 0 and eoi_quant_threshold_delta is greater than 0, ( PicQuant − eoi_quant_threshold_delta ) shall be greater than or equal to −QpBdOffset. [16]

49.    On information and belief, Defendants' direct infringement of the '172 Patent includes, but is not limited to, testing, development, troubleshooting, and other use in the United States. Defendants also use the Accused Products at tradeshows in the United States to promote the sale of the Accused Products, as demonstrated above.

50.    Defendants have and continue to indirectly infringe one or more claims of the '172 Patent by knowingly and intentionally inducing others, including Lenovo customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology.

51.    Defendants, with knowledge that these products, or the use thereof, infringe the '172 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '172 Patent by

---

[15] *See, e.g.,* Int'l Telecomm. Union, Recommendation ITU-T H.265, *High Efficiency Video Coding* § 8.4, at 126-142 (Version 8, Aug. 2021), available at: https://e2e.ti.com/cfs-file/__key/communityserver-discussions-components-files/791/T_2D00_REC_2D00_H.265_2D00_202108_2D00_S_21002100_PDF_2D00_E.pdf.
[16] *See* Int'l Telecomm. Union, Recommendation ITU-T H.265, *High Efficiency Video Coding*, at 424 (Version 11, Jan. 2026), available at: https://www.itu.int/rec/T-REC-H.265-202601-I.

providing these products to end users for use in an infringing manner. Alternatively, on information and belief, Defendants have adopted a policy of not reviewing the patents of others, and instructing their officers, agents, and employees to not review the patents of others, including specifically those related to Defendants' specific industry, with the subject belief that there was a high probability that Defendants would learn of their infringing activities, thereby remaining willfully blind to the '172 Patent at least as early as the issuance of the '172 Patent.

52.    Defendants have induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '172 Patent, but while remaining willfully blind to the infringement. Defendants have and continue to induce infringement by their customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendants' website, product literature and packaging, and other publications. For example, TCL makes available to its customers and end-users various materials that instruct them on how to use TCL products in an infringing manner based on the product. These include, but are not limited to, Common Questions, Product Downloads (e.g., Quick Start Guides and User Manuals), and Repairs/Replacements.



53.     On information and belief, these instructional materials are prepared by Defendants or at the direction of Defendants. Because of Defendants' inducement, Defendants' customers and end-users use the Accused Products in a way Defendants intend and directly infringe the '172 Patent. Defendants perform these affirmative acts with knowledge of the '172 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '172 Patent.

54.     Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the '172 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Defendants' affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products such that the '172 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '172 Patent, including at least video encoders and decoders, are not staple articles or commodities of commerce, have no substantial non-infringing

---

[17] *See* https://support.tcl.com/us-mobile-devices; *see also* https://en-us.support.motorola.com/app/home/.

uses, and are known by Defendants to be especially made or adapted for use in the infringement of the '172 Patent. Defendants perform these affirmative acts with knowledge of the '172 Patent and with intent, or willful blindness, that they cause the direct infringement of the '172 Patent.

55.    Alderian has suffered damages as a result of Defendants' direct and indirect infringement of the '172 Patent in an amount to be proven at trial.

56.    Alderian has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '172 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Alderian prays for relief against Defendants as follows:

a.    Entry of judgment declaring that Defendants have directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b.    An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of one or more of the Patents-in-Suit;

c.    An order awarding damages sufficient to compensate Plaintiff for Defendants' infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d.    Entry of judgment declaring that this case is exceptional and awarding Plaintiff its costs and reasonable attorney fees under 35 U.S.C. § 285; and

e.    Such other and further relief as the Court deems just and proper.

Dated: May 26, 2026

Respectfully submitted,

*/s/ John Andrew Rubino*
John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
Michael Mondelli III
NY Bar No. 5805114
Email: mmondelli@rubinoip.com
**RUBINO IP**
1200 Harbord Blvd., 10th Floor
Weehawken Township, NJ 07086
Telephone: (201) 341-9445
Facsimile: (973) 535-0921

***ATTORNEYS FOR PLAINTIFF,
ALDERIAN TECHNOLOGIES LLC***